**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Walter Parker, Appellant,

v.

Florence Carpet & Tile, Inc., John Curl, and Mike Barker, Respondents.

AND

Allison Parker, Appellant,

v.

Florence Carpet & Tile, Inc., John Curl, and Mike Barker, Respondents.

Appellate Case No. 2022-000131

———————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-238
Submitted June 1, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Jerome Scott Kozacki, of Willcox Buyck & Williams, PA, of Florence, for Appellants.

Jon Rene Josey and Jeffrey L. Payne, both of Turner
Padget Graham & Laney, PA, of Florence, for
Respondents.

_____

**PER CURIAM:**  Walter and Allison Parker appeal the circuit court's grant of summary judgment in favor of Florence Carpet & Tile, Inc. (Florence Carpet), John C. Curl, and Mike Barker (collectively, Respondents).  On appeal, the Parkers argue the circuit court erred in granting summary judgment because they presented evidence that supported holding Barker and Curl individually liable for violations under the South Carolina Payment of Wages Act (the Act) and multiple *Dumas v. InfoSafe Corp.*[1] factors weighed in favor of piercing the corporate veil.  We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to the Parkers, we hold the circuit court did not err by granting Curl and Barker's summary judgment motions because the Parkers failed to show the existence of a genuine issue of material fact. *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *id.* at 461, 892 S.E.2d at 300 ("[T]he party opposing the motion [must] show a 'reasonable inference' to be drawn from the evidence.").  Here, it was undisputed that Curl was not an employee nor "employer" as defined under the Act and Barker testified that he did not handle the payroll or hold day-to-day operational responsibilities; thus, Curl and Barker could not have knowingly permitted Florence Carpet to violate the Act. *See Dumas*, 320 S.C. at 195, 463 S.E.2d at 645 (holding officers or agents of a corporation may be held individually liable if they "knowingly permit their corporation to violate the Act").  Therefore, we hold the Parkers failed to create a reasonable inference that Curl or Barker knew of Allison and Walter's outstanding wages. *See Allen v. Pinnacle Healthcare Sys., LLC*, 394 S.C. 268, 275-76, 715 S.E.2d 362, 366 (Ct. App. 2011) (applying the facts to the following factors for the court to consider when determining whether an individual "knowingly" violated the Act: (1) whether the individual was an employer, (2) whether the individual knew the employee was not being paid while working, (3) whether the individual handled the payroll, and (4)

_____

[1] 320 S.C. 188, 463 S.E.2d 641 (Ct. App. 1995).

whether the individual continued to allow the employee to work for the employer); *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011) ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law.").

We hold the Parkers' argument regarding piercing the corporate veil is not preserved for appellate review because it was not ruled on in the circuit court's final orders for summary judgment, and the Parkers did not raise it in their motions to alter or amend the judgment. *See Singleton v. Sherer*, 377 S.C. 185, 208, 659 S.E.2d 196, 208 (Ct. App. 2008) (finding the issue unpreserved because the final order did not address issue that was pled and argued and no Rule 59(e), SCRCP, motion was filed).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.